IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAY ANTHONY PATRICK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-11-3590 |
| J. LONG | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is a Motion to Dismiss or for Summary Judgment filed on behalf of Defendant J. Long.  ECF No. 8.  Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so, but has filed nothing further in the case.  ECF No. 9.  Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

Plaintiff Ray Anthony Patrick ("Patrick") alleges on October 4, 2010 he submitted a sick-call slip complaining of an upset stomach with diarrhea, vomiting, headache and light-headedness.[1]  He states he was transported to the medical department for a dental appointment on October 5, 2010 and was placed in a holding cell for inmates who were assigned to segregation housing.  Patrick was restrained in three-point restraints, i.e., handcuffs, black box, and waist chain. ECF No. 1 at p. 5.

Defendant is a correctional officer who was assigned to the medical department.  Patrick maintains that it was Defendant's responsibility to supervise the inmates in the holding cell and

---

[1] On October 8, 2010, Patrick was seen for his sick call request regarding abdominal discomfort, nausea, vomiting, and diarrhea.  At that time he was prescribed Zantac for symptomatic gastro-esophageal reflux disease (GERD).  ECF No. 1 at Ex. 1, p. 4.

to ensure he had access to the toilet, located in the holding cell. Patrick left the holding cell for his dental appointment and returned to the cell afterwards. At that time Patrick informed Defendant that he needed to use the bathroom to have a bowel movement and asked Defendant to remove the three-point restraints so he could use the toilet. Patrick asserts that Defendant told him he should have used the bathroom before leaving his cell and left. ECF No. 1 at p. 5.

Patrick waited in the holding cell and his need for the toilet increased in urgency. He began banging on the holding cell door to get Defendant's attention, but Defendant did not respond even though his post included the area immediately outside the holding cell where Patrick was confined. At approximately 9:05 a.m., Patrick could no longer control his bowels and defecated on himself in the presence of other inmates in the holding cell. ECF No. 1 at p. 5.

One of the inmates in the holding cell, Horace Montaque, who witnessed the events described, testified on Patrick's behalf at a hearing before the Inmate Grievance Office (IGO). Patrick's grievance was found meritorious in part, the Administrative Law Judge (ALJ)[2] concluding that Patrick had established the "objective" prong of an Eighth Amendment claim, but did not establish the "subjective" prong. The decision was affirmed by the Secretary of the Department of Public Safety and Correctional Services (DPSCS). ECF No. 1 at pp. 5 - 6 and Ex. 1. Patrick seeks monetary damages as relief. ECF No. 1 at pp. 6 – 7.

Despite the ALJ's finding to the contrary, Defendant asserts that Patrick never told him he needed to use the bathroom. ECF No. 8 at Ex. 2, ¶ 3. Additionally, Defendant maintains he had no knowledge of Patrick's underlying illness. *Id*. Patrick was awarded damages of $50 by the ALJ who ruled that Defendant's actions constituted custodial negligence as well as a

---

[2] Patrick adopts the findings of fact written in the ALJ's decision and attached as an Exhibit to the Complaint. ECF No. 1 at Ex. 1, pp. 3 – 5.

violation of DCD 200-1.  Defendant asserts that Patrick is not now entitled to recover federal damages.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) *citing Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U. S. at 298. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010), *quoting Case v. Ahitow*, 301

F.3d 605, 607 (7th Cir.2002).  Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established pre-existing law.  *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury.  "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993).  "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement."  *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003).  Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions.  *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Assuming Patrick suffered physical discomfort when he was not permitted to relieve himself and suffered emotional distress when he could no longer control his bowels, the injury does not rise to a constitutional level.  Defendant asserts, and Patrick fails to refute, that he was unaware of Patrick's need for the toilet and unaware of his illness.  Thus, the undisputed record does not reflect the type of reckless disregard for a basic human need or wanton infliction of pain prohibited by the Eighth Amendment.  Defendant is entitled to summary judgment in his favor.

A separate Order follows.

May 2, 2012

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE